**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**STRIKE 3 HOLDINGS, LLC,**

                 **Plaintiff,**

v.                                                     1:18-cv-00956

**DAVID SELLERS,**

                 **Defendant.**

_____

**THOMAS J. McAVOY,
Senior United States District Judge**

# DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") commenced this action alleging that an unnamed defendant had illegally copied and distributed certain of Plaintiff's copyrighted works through the peer-to-peer file sharing software BitTorrent. *See* Dkt. No. 1. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court issued an Order authorizing the issuance of a Rule 45 subpoena on Verizon Fios commanding it to provide Plaintiff with the true name and address of the individual to whom Verizon Fios assigned an IP address as set forth on Exhibit A to the Complaint. *See* Dkt. No. 6. On January 6, 2019, Plaintiff filed its Amended Complaint, naming David Sellers as Defendant. *See* Dkt. No. 11. Plaintiff moves pursuant to Fed. R. Civ. P. 55 for a default judgment against Defendant David Sellers ("Defendant") on the copyright infringement claims in the Amended Complaint. Dkt. No. 21.

## II. BACKGROUND

Plaintiff personally served Defendant on February 13, 2019, Dkt. No. 15, and Defendant has failed to plead or otherwise defend himself against the allegations in Plaintiff's Amended Complaint. *See* James Decl., Dkt. No. 21-3, ¶ 4. More than twenty-one (21) days have elapsed since Defendant was served, and a Clerk's Certificate of Default was issued on March 15, 2019. Dkt. No. 18. Plaintiff asserts that upon information and belief, Defendant is not a minor, incompetent person, or in active duty in the U.S. Military. *See* James Decl., ¶ 6.

## III. LIABILITY

By defaulting, Defendant admitted the truth of the allegations of the Amended Complaint. *See, e.g., Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) ("[A] default is an admission of all well-pleaded allegations against the defaulting party."). Still, a Court is "required to determine whether the [Plaintiff's] allegations establish [Defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

Plaintiff's allegations in the Amended Complaint support its copyright infringement claims. It is well-settled that "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Plaintiff's Amended Complaint alleges that it has registered or has completed registrations pending before the Copyright Office in all "Works" in this litigation. *See* Am. Compl. ¶ 30;

2

*see also* Am. Compl. Ex. A.[1]  Defendant admitted this allegation by failing to plead or otherwise defend against Plaintiff's Amended Complaint.  Plaintiff, therefore, has met the first element.

Additionally, Plaintiff alleges that Defendant, without Plaintiff's authorization, permission, or consent, willfully copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol. *See* Am. Compl. ¶¶ 38-39, 41.  As a result of these actions, Plaintiff contends, Defendant violated its exclusive right to:

> (A) Reproduce its Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;  (B) Distribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501; (C) Perform the copyrighted Works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works' audible and transmitting said performance of the work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and (D) Display the copyrighted Works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display).

*Id.*, ¶ 40.

These allegations are taken as true where Defendant has failed to respond.  Thus, Plaintiff has satisfied the second element of its copyright infringement claims.

Therefore, Defendant is liable for infringing Plaintiff's copyrights for the 32 Works listed in "Exhibit A" attached to Plaintiff's Amended Complaint.  The Court will issue a

---

[1] In light of the Supreme Court's recent holding in *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 203 L. Ed. 2d 147, 2019 WL 1005829 (U.S. Mar. 4, 2019), and to satisfy the claim-processing rule under 17 U.S.C. § 411(a), Plaintiff filed "Exhibit D" to the motion. Exhibit D is an update of Exhibit A to the Amended Complaint.  Plaintiff asserts that Exhibit A is updated by Exhibit D only to reflect that all of the motion pictures alleged in this action have been registered with the United States Copyright Office (indicated by the registration number starting with "PA").

default judgment on liability on these claims. *See Malibu Media, LLC v. Ofiesh*, No. 1:16-CV-202 (FJS/DEP), 2017 WL 2633526, at *2 (N.D.N.Y. June 19, 2017)("[T]he Court may grant Plaintiff the default judgment it seeks if the well-pleaded allegations in its amended complaint establish the alleged copyright violations.").

## IV. DAMAGES

Having determined that Defendant is liable on the copyright claims in the Amended Complaint, the Court turns to damages.

### a. Statutory Damages

Plaintiff seeks to recover statutory damages against Defendant as provided by 17 U.S.C. § 504. *See* Dkt. 21-1, ¶ 19. Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2). For unintentional infringement, 17 U.S.C. § 504(c) provides that "the copyright owner may . . . recover . . . an award of statutory damages for all infringements involved in the action, with respect to any one work . . . a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Upon a finding of willful infringement, the Court may "increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Although Plaintiff pled that Defendant's infringement was willfully committed thereby allowing statutory damages up to $150,000 per infringed Work, Plaintiff only seeks an award of $750 for each Work infringed. Because Plaintiff seeks only the minimum statutory amount for each Work infringed, no evidentiary hearing is necessary. *See, e.g.*, *Malibu Media, LLC v. Ofiesh*, 2017 WL 2633526, at *2 ("[A]lthough a court may conduct a

hearing when necessary to determine damages under Rule 55(b)(2), it may make that decision without a hearing if it can determine, based on a review of the record, that there is a sufficient basis for the damages that the plaintiff seeks in the default judgment. Since the Court has already determined that Defendant is liable for copyright infringement and Plaintiff seeks the statutory minimum amount of damages for each copyright infringement, there is no need for the Court to hold a hearing.")(citation omitted).  Based on the finding that Defendant infringed 32 of Plaintiff's Works, Plaintiff is awarded $24,000.00 in statutory damages.

### b. Costs and Attorney's Fees

Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof ... [, and] the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.   Plaintiff seeks to recover its costs incurred in this case in the total amount of $400.00, which is the statutory filing fee.  *See* Dkt. No. 21-1, ¶ 21.  This is a reasonable cost that will be awarded to Plaintiff.  Plaintiff waives its right to seek its attorneys' and paralegals' fees for prosecuting this case, *id.*, at ¶ 22, and therefore no award for such fees is included in the judgment.

### c. Interest

Plaintiff waives pre-judgment interest on the award, *id.*, at ¶ 23, but seeks post-judgment interest which the Court imposes under 28 U.S.C. § 1961.

## V. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment against Defendant David Sellers, Dkt. No. 21, is **GRANTED**; and the Court further

**ORDERS** that, pursuant to this default judgment, Defendant shall pay to Plaintiff the sum of $24,000.00 in statutory damages, as authorized under 17 U.S.C. § 504(c)(1), and $400.00 for costs, as authorized under 17 U.S.C. § 505, for a total award of $24,400.00; and the Court further

**ORDERS** that Defendant shall pay post-judgment interest on this award at the current legal rate allowed and accruing under 28 U.S.C. § 1961, from the date of the entry of judgment in this case until Defendant has satisfied this judgment.

The Clerk of the Court is respectfully directed to enter judgment in favor of Plaintiff consistent with this Decision and Order, and to close this case.

**IT IS SO ORDERED.**

Dated: October 22, 2019

_____
Thomas J. McAvoy
Senior, U.S. District Judge